UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14001-CR-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIE FRANK GRAHAM,

    Defendant.
_____/

ORDER OF DETENTION AND PROBABLE CAUSE
ON PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** is before the Court for consideration of the issues of detention and probable cause pursuant to Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143(a)(1). Having considered all of the evidence, this Court finds as follows:

    1.    The Defendant, WILLIE FRANK GRAHAM, appeared before the Court on July 10, 2020 for a detention hearing on the Petition for Warrant for Offender Under Supervision (the "Petition"). Assistant Federal Public Defender Panayotta Augustin-Birch was present on behalf of the Defendant. Assistant United States Attorney Diana Acosta was present on behalf of the United States. Probation Officer Christina Williams was present on behalf of United States Probation.

    2.    The Defendant was sentenced on July 17, 2006 by the Honorable K. Michael Moore for conspiracy to possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count One) and possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Six). He received a sentence of 188

months' imprisonment and five years' supervised release. His term of imprisonment was subsequently reduced to 156 months pursuant to the First Step Act of 2018. He began serving his term of supervised release on February 12, 2019.

3. The Petition alleges the following violations of supervised release:

**Violation Number 1** — **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about July 30, 2019 in Palm Beach County, Florida, the defendant did commit the offense of Attempted First Degree Murder with Deadly Weapon, contrary to Florida Statute 782.04(1)(a)(1).

**Violation Number 2** — **Violation of Standard Condition**, by failing to report to the probation officer as directed. On August 7, 2019, the defendant was instructed to report to the U.S. Probation Officer on August 8, 2019 at 10:00 A.M., and he failed to comply.

**Violation Number 3** — **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. On or about August 4, 2019, the defendant was questioned by Detective Samuel Gorfido, Palm Beach County Sheriff's Office, West Palm Beach, Florida, and he failed to advise the U.S. Probation Officer.

4. At the hearing, defense counsel acknowledged having received copies of the Petition and the Memorandum dated August 8, 2019 from United States Probation Officer Christina Williams to the District Court. The parties did not object to the Court relying on these documents for purposes of the hearing.

5. Defendant waived his right to appear in person and consented to have the hearing by videoconference. Defendant appeared by video from the Palm Beach County Jail. Defendant could see, hear, and participate in the proceeding. This Court finds Defendant's waiver and consent to be knowing and voluntary.

6. The Government proceeded by proffer and relied on the details outlined in Officer Williams' Memorandum. The Government further proffered that Defendant was convicted of Aggravated Battery (Deadly Weapon or Bodily Harm) in violation of FL ST § 784.045(1)(a)(1) in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida based on the circumstances described in the Memorandum. As a result of that conviction, Defendant is currently serving a term of imprisonment of fifteen years. Defense counsel did not seek to cross-examine any witness.

7. The Government seeks pretrial detention on the basis that the Defendant is a risk of flight and a danger to the community. Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure provides that the magistrate judge may release or detain a person charged with violating supervised release under the provisions of 18 U.S.C. §3143(a). *See United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994). Rule 32.1(a)(6) places the burden on the Defendant to establish that he will not flee or pose a danger to any other person or to the community. The Court is required to detain the Defendant unless the Court finds by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released. *See* 18 U.S.C. §§ 3142(e-f), 3143(a), and 3148(a-b).

8. The Defendant has not met his burden. The Court finds that Defendant is a flight risk and a danger to the community based on the nature of the violations and the resulting conviction and sentence in state court.

9. The Court has also considered the Memorandum, Petition and Government's proffer, and finds that they establish probable cause to believe the violations alleged therein occurred. Violation Number 1 alleges that Defendant committed the offense of Attempted First Degree Murder with a Deadly Weapon. Although Defendant was not convicted of that offense (but was instead convicted of Aggravated Battery), the circumstances as detailed in the

Memorandum sufficiently establish probable cause for Attempted Murder.  The Memorandum also alleges circumstances showing probable cause for Violation Numbers 2 and 3.

Accordingly, it is hereby **ORDERED** that the Defendant be remanded to the custody of the U.S. Marshals.  The Court also directs that the Defendant be afforded reasonable opportunity for private consultation with counsel, and the Court directs that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

It is further **ORDERED AND ADJUDGED** that there is sufficient probable cause in respect to Violation Numbers 1, 2 and 3, inclusive, as set forth above to proceed to a final evidentiary hearing.  This matter is set for final evidentiary hearing on July 17, 2020 at 9:30am before this Court.

**DONE AND ORDERED** in Chambers at Fort Pierce, in the Southern District of Florida, this  10th  day of July, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE