UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14001-CR-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIE FRANK GRAHAM,

    Defendant.
_____/

REPORT AND RECOMMENDATION ON
VIOLATION NUMBER 4 OF THE AMENDED SUPERSEDING PETITION FOR
OFFENDER UNDER SUPERVISION (DE 159)

**THIS CAUSE** having come before the Court on the pending Amended Superseding Petition for Offender under Supervision ("Amended Superseding Petition") (DE 159), and this Court having convened a hearing, now recommends to the District Court as follows:

    1.    The Defendant appeared before this Court on August 12, 2020 for a hearing on the Superseding Petition, which alleges four violations of supervised release. The hearing was convened via videoconference on the Zoom platform.

    2.    At the hearing's outset, the Court advised the Defendant of his right to appear in person for the proceeding. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Defendant signed a written Consent to Appear by Videoconference Form that will be filed in the record in this case. Having discussed the matter with the Defendant, the Court finds that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary. The Court also finds, pursuant to the CARES Act,

H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

3. The government announced that it was proceeding on Violation Number 4 as set forth in the Amended Superseding Petition. The government further agreed to seek dismissal of the remaining violations at sentencing.

4. The Amended Superseding Petition alleges the following:

**Violation Number 4**      **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about July 30, 2019, in Palm Beach County, Florida, the defendant was arrested for the offense of Attempted First Degree Murder with Deadly Weapon, contrary to Florida Statute 782.04(1)(a)(1). On January 29, 2020, in Palm Beach County, Florida, a jury trial found the defendant guilty of committing Aggravated Battery (Deadly Weapon or Bodily Harm) contrary to Florida Statute 784.045(1)(a)1, 2 and 2. On May 14, 2020, the defendant was adjudicated guilty in Palm Beach County, Florida, Case # 2019-CF-007400, of Aggravated Battery (Deadly Weapon or Bodily Harm), contrary to Florida Statute 784.045(1)(a)1, 2 and 2 and was sentenced to the custody of the Department of Corrections for fifteen years.[1]

5. The Government proffered Government's Exhibit 1 into the record without objection from the Defendant. Government's Exhibit 1 is a Judgment from the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida. The Judgment indicates that Defendant was convicted on May 14, 2020 of aggravated battery (deadly weapon or bodily harm) in violation of Florida Statute 784.045(1)(a)1, 2 and 2. It also shows that Defendant was sentenced to fifteen years' imprisonment. The Government proffered that the Defendant was initially charged with the

---

[1] At the hearing, the government acknowledged that Violation Number 4 of the Superseding Petition at DE 150 was incorrect. It alleged that Defendant was found guilty in Indian River County instead of Palm Beach County as the evidence showed. It also alleged that the Defendant committed the offense of attempted first degree murder, when in fact Defendant was convicted by the jury of aggravated battery with deadly weapon or bodily harm. The government agreed to file an Amended Superseding Petition which it did at DE 159 on August 17, 2020. As such, this Court references the Amended Superseding Petition at DE 159 as the operative pleading in this case.

offense of attempted first degree murder with a deadly weapon in violation of Florida Statute 782.04(1)(a)(1).

6. The Defendant did not object to Government's Exhibit 1 or seek to cross-examine any witnesses. Defendant also did not present any witnesses or evidence.

7. This Court has considered the evidence and finds that it establishes by a preponderance of the evidence that the Defendant committed Violation Number 4.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release with respect to Violation Number 4, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the Chief United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 18th day of August, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE